J.C., Petitioner,

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1998.

Decided Nov. 4, 1998.

---

194 ■

Victor F. Cavacini, Allentown, for petitioner.

Daniel Fellin, Harrisburg, for respondent.

Before COLINS, President Judge, and SMITH, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

J.C. appeals from an order of the Department of Public Welfare, Bureau of Hearings and Appeals (Bureau) denying his administrative appeal from refusal of the Department of Public Welfare (Department) to consider his request to expunge the indicated report.

In a letter dated May 10, 1996, the Department notified J.C. that the Monroe County Children and Youth Agency had filed a report listing him as a perpetrator of child abuse, and that the report would remain on file in the State and County offices until the child attains twenty-three years of age. Pursuant to Section 6338(a) of the Child Protective Services Law (Law), *as amended*, 23 Pa.C.S. § 6338(a),[1] the Department advised J.C. that he may request the Secretary of Public Welfare (Secretary), within forty-five days from the date of the notice, to amend or destroy the indicated report, if he believes that the report is inaccurate or is not maintained in accordance with the law.

On December 27, 1996, more than seven months after the notice of the indicated report, J.C., through his counsel, sent a letter to the Secretary requesting expungement of the indicated report.[2] J.C. acknowledged that his request was not timely made within forty-five days after the notice. J.C. asserted, however, that the Law permits him to make the request at any time, and in the alternative that the Department should consider his request nunc pro tunc.

Section 6341(a) of the Law, *as amended*, 23 Pa.C.S. § 6341(a), provides in relevant part:

### § 6341. Amendment or expunction of information

(a) **General rule.**—*At any time*

(1) The secretary may amend or expunge any record under this chapter upon good cause shown and notice to the appropriate subjects of the report.

(2) Any person named as a perpetrator ... in an indicated report of child abuse may, *within 45 days of being notified of the status of the report*, request the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner

inconsistent with this chapter. (Emphasis added.)

On January 14, 1997, the Department informed J.C. that the Department could not consider his request because it was not filed within forty-five days after the notice of the indicated report. J.C. appealed the Department's action to the Bureau and requested a hearing, stating that he would testify at a hearing that his "painful and disabling headaches" prevented him from timely challenging the indicated report.

Pursuant to J.C.'s request, a telephone hearing was held on August 12, 1997 before a hearing examiner. However, J.C. did not appear to present evidence to support his entitlement to an appeal nunc pro tunc. J.C.'s counsel stated instead: "We will not be presenting argument on the issue of timeliness. We believe that based upon subsection (1) of Section 6341(a) that there is an additional legal basis for requesting, indeed, having the report expunged." N.T., p. 9. Consequently, no testimony was taken at the hearing, and the counsel for both parties only presented legal argument on the issue of whether J.C. should be permitted to request expungement seven months after the notice under Section 6341(a)(1), despite the forty-five day time limitation set forth in Section 6341(a)(2).

After the hearing, the hearing examiner recommended that J.C.'s request for expungement be denied, concluding that the controlling section in determining the timeliness of the request for expungement is Section 6341(a)(2), not Section 6341(a)(1). The Bureau subsequently adopted the hearing examiner's recommendation in its entirety. J.C.'s appeal to this Court followed.

J.C. first contends that the Department should have treated his request for expungement as filed under Section 6341(a)(1), which allows the Secretary to expunge any record

---

1. Section 6338(a) of the Law provides that the Department "shall also inform the recipient [of the indicated report] of his right, within 45 days after being notified of the status of the report, to appeal an indicated report, and his right to a hearing if the request is denied."

2. J.C. alleged, *inter alia*, that there was an unreasonable delay in filing the indicated report for

the alleged child abuse incident occurred in August 1993; the alleged incident occurred immediately after he had reprimanded the child for stealing audio tapes from a store, which raises the credibility of the child; and he was physically incapable of committing the alleged child abuse, as stated by his physician's letter dated April 26, 1996.

"at any time" upon good cause shown. The Department contends, on the other hand, that Section 6341(a)(1) is inapplicable to this matter.[3]

This Court's scope of review of the Bureau's decision in an expungement case is limited to determining whether the Bureau's adjudication violates constitutional rights or is not in accordance with the Law, or whether the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *K.S. v. Department of Public Welfare*, 129 Pa.Cmwlth. 31, 564 A.2d 561 (1989).

■ It is well established that parts of a statute are in pari materia, when they relate to same persons or things, and as such, should be construed together. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932. Further, words in a statute should be given full effect and should not be treated as mere surplusage. 1 Pa.C.S. § 1921(a); *City of Chester v. Chester Redevelopment Authority*, 686 A.2d 30 (Pa. Cmwlth.1996), *appeal denied*, 548 Pa. 650, 695 A.2d 787 (1997). To accept J.C.'s interpretation that he may seek expungement and request a hearing at any time would result in eviscerating the time limitations provided in Section 6341(a)(2) for challenging the indicated report.

In providing that the Secretary may expunge any record at any time upon good cause shown, Section 6341(a)(1) does not state that the subject in the record has a corresponding right to "request" such action by the Secretary at any time. Moreover, neither Section 6341(a)(1) nor any other provision of the Law grants a right to appeal from the Secretary's decision made pursuant

to Section 6341(a)(1) or a right to request a hearing. By contrast, where the request for expungement is made under Section 6341(a)(2), the parties may appeal the Secretary's decision. Section 6341(b) and (c) provides in pertinent part:

**(b) Review of grant of request.**—if the secretary grants the request *under subsection (a)(2)*, the Statewide central register, appropriate county agency and all subjects shall be so advised of the decision. The county agency and any subject have 45 days in which to file an administrative appeal with the secretary. If an administrative appeal is received, the secretary or his designated agent shall schedule a hearing pursuant to Article IV of the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code, and attending departmental regulations.

**(c) Review of refusal of request.**—If the secretary refuses the request *under subsection (a)(2)* ... the perpetrator ... shall have the right to a hearing before the secretary or a designated agent of the secretary to determine whether the summary of the indicated report in the Statewide central register should be amended or expunged on the grounds that it is inaccurate or that it is being maintained in a manner inconsistent with this chapter. The perpetrator ... shall have 45 days from the date of the letter giving notice of the decision to deny the request in which to request a hearing. (Emphasis added.)

Thus, when Sections 6338(a) and 6341(a), (b) and (c) are read together, it is clear that Section 6341(a)(1) merely grants the Secretary a discretionary authority to amend or expunge any record upon good cause shown,

---

3. The current Law was reenacted in 1990, replacing the old version of the Law contained in 11 P.S. §§ 2201–2224. The various provisions of Law, including Sections 6338(a) and 6341(a)(2), were subsequently amended in 1994, effective July 1, 1995. Before the 1994 amendment, Section 6341(a)(2) specifically provided that a subject of a report may request the Secretary "at any time" to amend, seal or expunge information contained in the statewide central register. Section 6338(a) also provided that the Department must inform the subject of the report of his right to make such request "at any time." In the 1994 amendment, the Legislature placed in Sections

6338(a) and 6341(a)(2) the forty-five day time limit, within which a request to amend or expunge the record may be filed. Section 6341(a)(1) was not amended in 1994. Therefore, we find inapposite J.C.'s reliance on *K.S. v. Department of Public Welfare*, 129 Pa.Cmwlth. 31, 564 A.2d 561 (1989), and *Dauphin County Social Services for Children & Youth v. Department of Public Welfare*, 117 Pa.Cmwlth. 305, 543 A.2d 607 (1988), which were decided under the old version of the Law repealed in 1990, which specifically permitted the subject of the indicated report to request expungement at any time.

and that to challenge the indicated report and "request" expungement, such request must be filed within the forty-five day period set forth in Section 6341(a)(2).

J.C. next contends, through his new counsel who has entered appearance on this appeal, that he established entitlement to an appeal nunc pro tunc by demonstrating that the delay in challenging the request for expungement was caused by his illness. J.C. further alleges that he notified his former counsel of his intention to timely contest the indicated report immediately after receiving the notice from the Department, and that the delay in filing the request for expungement was caused by his former counsel's neglect.

■ It is well established that the failure to timely appeal an administrative agency's action is a jurisdictional defect. *Falcon Oil Co. v. Department of Environmental Resources*, 148 Pa.Cmwlth. 90, 609 A.2d 876 (1992). The time for taking an appeal therefore cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Service Commission, City of Philadelphia*, 695 A.2d 921 (Pa.Cmwlth.1997). An appeal nunc pro tunc may be allowed, only where delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant, his counsel or a third party. *Id.* One seeking permission to file an appeal nunc pro tunc has the burden of establishing that (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) appellee is not prejudiced by the delay. *Id.*

■ To support his contention that he was unable to timely request expungement due to his illness, J.C. attached to the request for expungement a letter dated April 26, 1996, in which Dr. William B. Young stated that J.C. was on medication for his headaches at the time of the alleged child abuse incident in September 1993, which may have affected his potency and sexual interest. Dr. Young's

statement concerning his medical condition in 1993, however, does not establish in any way the cause for the delay in challenging the indicated report in 1996. Further, J.C. decided not to present any evidence at the hearing to support his request for expungement nunc pro tunc and abandoned his earlier assertion that the delay was caused by his illness. Thus, the facts in this matter are distinguishable from *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), a case relied on by J.C., in which the appellant established that the illness of the attorney's secretary caused the four-day delay in filing the appeal.

■ Moreover, J.C.'s allegation that the delay was caused by his former counsel's failure to timely challenge the indicated report is outside the scope of the record and therefore may not be considered on appeal. *Craft v. Pennsylvania Game Commission*, 69 Pa.Cmwlth. 474, 451 A.2d 802 (1982).[4] Even assuming that J.C.'s allegation may be properly considered on appeal, any delay caused by mere negligence or neglect of an attorney in failing to appeal within the required time period does not provide a basis for granting an appeal nunc pro tunc. *DiJohn v. Unemployment Compensation Board of Review*, 687 A.2d 1213 (Pa.Cmwlth.1997). *See also In re Interest of C.K.*, 369 Pa.Super. 445, 535 A.2d 634 (1987), in which the Court rejected the argument that an appeal nunc pro tunc from the order terminating parental rights should be permitted on equitable grounds, where the delay was caused by the attorney's failure to make substitute counsel available for filing an appeal during his absence due to his mother's illness. *Cf. Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996) (An appeal nunc pro tunc may be granted in *criminal* cases on the basis of the counsel's conduct which has affected the defendant's right to appeal).

Finally, J.C. contends that the Department's refusal to grant his request for expungement nunc pro tunc deprived him of his constitutional right to due process, and that

---

**4.** J.C. filed an application for an evidentiary hearing, proposing to present testimony regarding his former counsel's alleged neglect. By order dated August 4, 1998, this Court denied J.C.'s application on the basis that his appeal should be decided based solely on the certified record and the briefs.

the Law should be declared unconstitutional for its failure to provide for a hearing beyond the forty-five day period.

■ The essential elements of due process are a notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdictional of the cause. *Department of Transportation, Bureau of Driver Licensing v. Clayton,* 546 Pa. 342, 684 A.2d 1060 (1996). As the United States Supreme Court stated in *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982):

> The State may erect reasonable procedural requirements for triggering the right to an adjudication, be they statutes of limitations ... or, in an appropriate case, filing fees. And the State certainly accords due process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule. What the Fourteenth Amendment does require, however, 'is an opportunity ... granted at a meaningful time and in a meaningful manner,' ... 'for [a] hearing appropriate to the nature of the case,'.... (Citations omitted.)

■ In this matter, J.C. admittedly was given an opportunity to request a hearing to challenge the indicated report within forty-five days of the notice of the indicated report, pursuant to Sections 6338(a) and 6341(a)(2) of the Law. Having failed to comply with the reasonable procedural requirement under the Law and further failed to establish his entitlement to an appeal nunc pro tunc at the hearing scheduled for that purpose, J.C. may not now complain that his constitutional right to due process was violated or that the Law is unconstitutional.

Accordingly, the order of the Bureau is affirmed.

### ORDER

AND NOW, this 4th day of November, 1998, the order of the Department of Public Welfare, Bureau of Hearings and Appeals in the above-captioned matter is affirmed.