IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B.W.,                                    :
                    Petitioner           :
                                         :        **CASE SEALED**
          v.                             :        No. 220 C.D. 2015
                                         :        Submitted: July 17, 2015
Department of Human Services,            :
                    Respondent           :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: November 23, 2015


          B.W. requests permission to appeal *nunc pro tunc* the order of the
Department of Human Services, Bureau of Hearings and Appeals[1] that dismissed
his appeal of an indicated report that named him as a perpetrator of child abuse.
B.W. argues that he should be permitted to appeal because his former attorney
failed to inform him that the Department denied his request to have the indicated
report of abuse expunged from the ChildLine Registry.[2]  For the reasons that
follow, we deny B.W.'s request.

---

[1] At the time the order was issued, the agency was known as the Department of Public Welfare.
Prior to the filing of the petition for review, the Department of Public Welfare became the
Department of Human Services.  *See* Act of September 24, 2014, P.L. 2458, 62 P.S. §103
(effective November 24, 2014).

[2] ChildLine is a unit of the Department that operates a statewide toll free system for receiving
and maintaining reports of suspected child abuse, along with making referrals for investigation.
**(Footnote continued on the next page . . .)**

On March 28, 2013, Cumberland County Children and Youth Services (CYS) received a report that a female child, C.B. (Child), had been abused by B.W., who was a friend of Child's family. On May 23, 2013, CYS filed an indicated report with the Department naming B.W. as a perpetrator of child sexual abuse. The report stated that on August 8, 2006, when Child was nine years old, B.W. digitally penetrated Child while he was babysitting her at his home. Certified Record, Item No. 3, Exhibit C-2. The CYS report found Child's statement of abuse credible and noted that B.W. refused to speak with CYS to confirm or deny the allegations. After B.W. learned that he had been identified on the ChildLine Registry as a perpetrator of sexual abuse, he requested a hearing from the Department.

On May 5, 2014, a hearing was held before an Administrative Law Judge (ALJ). Child testified about the abuse, as did her mother, a nurse practitioner, a forensic examiner and a CYS intake supervisor. B.W., who was present and represented by counsel, did not present rebuttal testimony.

The ALJ issued a recommended adjudication. The ALJ found Child and her witnesses credible and recommended that B.W.'s appeal be denied and the indicated report be maintained on the ChildLine Registry.

On July 31, 2014, the Department adopted the recommended adjudication in its entirety. The Department's order informed B.W. that he had 15 days to request reconsideration by the Secretary of the Department and 30 days from the date of the order to appeal to this Court. Certified Record, Item No. 4.

---

**(continued . . .)**
55 Pa. Code §3490.4. The ChildLine Registry is maintained in accordance with the Child Protective Services Law, 23 Pa. C.S. §§6301-6386.

2

B.W. did not seek reconsideration from the Secretary or file a petition for review with this Court.

On October 6, 2014, B.W. contacted the Department by letter stating, *inter alia*, that he had heard nothing from his attorney about the status of his case. B.W. requested various documents including a copy of the hearing transcript and any brief that was submitted. B.W. Brief, Exhibit C.

On January 15, 2015, B.W. again contacted the Department by letter listing what he referred to as "[r]easons for appeal or a new trial." B.W. Brief, Exhibit B at 2. B.W. asked the Department for a ruling on several evidentiary issues.

On January 26, 2015, the ALJ mailed a letter to B.W.'s attorney informing him of B.W.'s October 6, 2014, and January 15, 2015, letters to the Department and stating that the Department had no jurisdiction over the matter because no appeal was filed within 30 days of the Department's July 31, 2014, order. B.W. Brief, Exhibit B at 1.

On February 25, 2015, B.W., represented by new counsel, filed a petition for review with this Court. CYS filed an application for intervention, which this Court granted. This Court's order of March 13, 2015, instructed the parties to address in their briefs on the merits whether the ALJ's January 26, 2015, letter constitutes an agency adjudication from which an appeal may be taken.[3]

In his brief, B.W. specifies that he is not advancing an argument that the January 26, 2015, letter should be considered an administrative adjudication. B.W. Brief at 12. B.W. considers the letter as "merely a response to [his] inquiry."

---

[3] The Department opted not to file a brief.

B.W. Brief at 18. B.W. acknowledges that the Department's July 31, 2014, order was the final administrative adjudication and that he had 30 days to file a timely appeal, a deadline that he missed. Nevertheless, B.W. argues that he is entitled to an appeal *nunc pro tunc* because he lost his right to appeal the Department's July 31, 2014, order due to extraordinary circumstances that were not his fault.

Failure to timely appeal an administrative agency's action is a jurisdictional defect; therefore, the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *H.D. v. Department of Public Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). However, an appeal *nunc pro tunc* may be permitted if the delay in filing an appeal was caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or "*non-negligent circumstances* related to the appellant, his or her counsel or a third party." *Id.* (emphasis added). This Court has explained that "any delay caused by mere negligence or neglect of an attorney in failing to appeal within the required time period does not provide a basis for granting an appeal *nunc pro tunc*." *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998).

B.W. explains that his prior attorney, who received the Department's adjudication, did not notify B.W. or file an appeal, despite the fact that B.W. had previously indicated to his attorney that he wished to appeal should it become necessary. B.W. characterizes his former attorney's failure to communicate with him or to file an appeal on his behalf as an "extraordinary circumstance" warranting an appeal *nunc pro tunc*. B.W. argues that he should not lose his right to appeal simply because he retained counsel rather than representing himself during the proceedings before the Department, in which case B.W. would have received a copy of the Department's order.

4

CYS rejoins that there is no evidence to support any of B.W.'s allegations about why an appeal was not filed. Even so, these allegations do not constitute extraordinary circumstances to allow an appeal *nunc pro tunc*.

Under the circumstances alleged by B.W., he is not entitled to appeal the Department's order *nunc pro tunc*. It is not sufficient to show that the failure to file a timely appeal is not the appellant's personal fault. The failure to file a timely appeal must be due to non-negligent conduct by the appellant's counsel. B.W. has described conduct that was negligence on the part of his former counsel. That situation, although unfortunate, does not justify allowing an appeal *nunc pro tunc*. *J.C.*, 720 A.2d at 197.[4]

Nevertheless, B.W. is not without recourse. The Child Protective Services Law was amended effective December 31, 2014, to provide another avenue to challenge a listing on the ChildLine Registry "at any time." The statute now provides, in relevant part:

> *At any time, the secretary may amend or expunge any record in the Statewide database under this chapter upon good cause shown* and notice to the appropriate subjects of the report. The request shall be in writing in a manner prescribed by the department. For purposes of this paragraph, good cause shall include, but is not limited to, the following:
>
> > (i) Newly discovered evidence that an indicated report of child abuse is inaccurate or is being maintained in a manner inconsistent with this chapter.

---

[4] In the alternative, B.W. requests a remand for a hearing regarding timeliness, so that he can submit to the Department the information attached to his brief regarding his letters to his former attorney and the Department about his case. No remand is warranted, because we have already concluded that even taking B.W.'s allegations as true, he is not entitled to an appeal *nunc pro tunc*.

(ii) A determination that the perpetrator in an indicated report of abuse no longer represents a risk of child abuse and that no significant public purpose would be served by the continued listing of the person as a perpetrator in the Statewide database.

23 Pa. C.S. §6341(a)(1) (emphasis added). Whether the failure of B.W.'s attorney to communicate with him constitutes "good cause" is for the Department to determine in the first instance. Further, there has been no record on whether B.W.'s allegations about his attorney's acts or omissions are factually true.

For the above-stated reasons, B.W.'s request to appeal *nunc pro tunc* is denied.[5]

_____
MARY HANNAH LEAVITT, Judge

---

[5] B.W. argues that the Department's adjudication is not supported by substantial evidence. Because we are denying B.W.'s request to appeal *nunc pro tunc*, we do not address his argument on the merits.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B.W.,                                      :
                    Petitioner             :
                                           :    **CASE SEALED**
        v.                                 :    No. 220 C.D. 2015
                                           :
Department of Human Services,              :
                    Respondent             :

## **O R D E R**

AND NOW, this 23rd day of November, 2015, the request of Petitioner, B.W., for permission to appeal *nunc pro tunc* from the order of the Department of Human Services dated July 31, 2014, is hereby DENIED.

_____
MARY HANNAH LEAVITT, Judge