IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Congdon by and through   :
Bradford County Manor,               :
                    Petitioner     :
                                :
        v.                 :
                                :
Department of Human Services,   :  No. 1817 C.D. 2015
                    Respondent :  Submitted: May 6, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: May 25, 2016


Elizabeth Congdon (Congdon), through Bradford County Manor (Bradford), petitions this Court for review of the Department of Human Services' (DHS) August 27, 2015 Final Administrative Action Order affirming the Administrative Law Judge's (ALJ) decision dismissing Bradford's appeal as untimely. For the reasons that follow, we affirm.


**I.**

On February 8, 2010, Congdon was admitted to Bradford, a skilled nursing facility, as she was suffering from dementia. On March 2, 2010, the Bradford County Assistance Office (CAO) received an application for Medical

Assistance long-term care (MA LTC) benefits on behalf of Congdon. The CAO denied Congdon's MA LTC application on April 1, 2010, because her financial resources exceeded the program limit. Bradford filed an appeal from the denial on February 25, 2015, almost five years or 1,796 days after the notice date.

A hearing was held before an ALJ with DHS' Bureau of Hearings and Appeals (BHA) on the issue of timeliness and whether Bradford's appeal should be heard *nunc pro tunc*. Patrick Gerrity (Gerrity), an Income Maintenance Casework Supervisor, testified on behalf of the CAO at the hearing. According to Gerrity, the CAO received an application for MA LTC benefits on behalf of Congdon on March 2, 2010.[1] A telephonic interview was conducted with Congdon's daughter that same day, during which her daughter was informed of various records the CAO needed regarding Congdon's income. On March 18, 2010, written notice was sent to Congdon's daughter as these records had not yet been received. The CAO then received income verification records for Congdon on March 22, 2010. Congdon's application for MA LTC benefits was denied on April 1, 2010, as her resources were found to exceed the program limit. Gerrity testified that a denial notice dated April 1, 2010, was issued to Bradford, and a copy of said notice was entered as an exhibit. Gerrity also testified that as per normal business practice, a denial notice would have been issued to Congdon's daughter as the authorized representative and to Congdon herself, but copies of these notices were not

---

[1] Gerrity testified that the CAO was only required by law to retain documents for five years and that it no longer had Congdon's March 2, 2010 application in its case file.

retained by the CAO. An appeal of the denial notice was not filed until Bradford's appeal dated February 25, 2015.

Gerrity also testified that in May 2011, Bradford filed a second application for MA LTC benefits on behalf of Congdon. At some point thereafter, the CAO approved this second application, retroactive to January 1, 2011.[2]

At the hearing, neither Congdon nor her daughter or any one from the facility was present. Counsel for Bradford did enter one exhibit into evidence, an affidavit from its Medical Director stating that Congdon was not competent upon her admission to Bradford on February 8, 2010. Bradford argued that an appeal *nunc pro tunc* was warranted because the CAO acted improperly by failing to determine whether Congdon herself was capable of reasonably responding to the denial notice and by not retaining copies of the notices sent to Congdon or her daughter.

The BHA found that Bradford's appeal was untimely because it was not filed within 30 days as required by 55 Pa. Code §275.3. In addition, the BHA found that the record did not demonstrate any non-negligent circumstances that hindered Bradford from filing a timely appeal on Congdon's behalf and there was no evidence of fraud or an administrative breakdown. The BHA dismissed Bradford's appeal as untimely filed because Bradford failed to meet its burden of

---

[2] The record indicates that Congdon passed away prior to the BHA hearing and that her MA LTC benefits remained in place until her passing.

3

proof that the appeal should be granted *nunc pro tunc*. After DHS issued a Final Administrative Action Order affirming the BHA's decision, Bradford filed this appeal.[3]

## II.

Citing to *Martin v. Department of Public Welfare*, 514 A.2d 204 (Pa. Cmwlth. 1986), Bradford argues that a *nunc pro tunc* appeal should have been permitted because there was a breakdown in the administrative process both because the CAO failed to provide aid or help to Congdon in making her appeal and failed to retain copies of the denial notice in violation of departmental policy.

As the BHA correctly noted, and we have stated many times, failure to timely appeal an administrative agency's action is a jurisdictional defect; therefore, "[t]he time for taking an appeal . . . cannot be extended as a matter of grace or mere indulgence." *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998). With respect to time limitations on appeals, DHS regulations state, in pertinent part:

> (b) *Time limitations on right to appeal*. An applicant or recipient must exercise his right of appeal within the following time limits. Appeals which do not meet the following time limitations will be dismissed without a hearing:

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Lancashire Hall Nursing & Rehabilitation Center v. Department of Public Welfare*, 995 A.2d 540, 542 n.1 (Pa. Cmwlth. 2010).

> (1) Thirty days from the date of written notice of a decision or action by a County Assistance Office, administering agency or service provider. . . .

55 Pa. Code §275.3(b)(1). Because Bradford did not file its appeal until 1,796 days after the denial notice was issued, it was clearly untimely, and the only way that its appeal could not be dismissed is if it met the standards for allowing a *nunc pro tunc* appeal.

"An appeal *nunc pro tunc* will be allowed only where the petitioner[']s delay was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his counsel or a third party." *C.S. v. Department of Public Welfare*, 879 A.2d 1274, 1279 (Pa. Cmwlth. 2005) (citing *J.C.*, 720 A.2d at 197). Our Supreme Court has held that a breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 746 A.2d 581, 584 (Pa. 2000). In such cases, "an appeal *nunc pro tunc* <u>may</u> be warranted." *Id.* (emphasis added). The petitioner bears the burden of establishing that an administrative breakdown has occurred. *J.C.*, 720 A.2d at 197.

Here, Bradford claims that an administrative breakdown occurred because departmental regulations require the CAO to "aid" or "help" applicants in

filing appeals, and the CAO failed to do so.[4] However, the BHA found that Congdon's daughter assisted her during the benefits application process, and that her daughter provided additional information to the CAO upon request. Moreover, this claim is devoid of merit because Congdon's daughter did not testify at the hearing, and Bradford failed to present any evidence that Congdon's daughter required or requested any assistance from the CAO or that the assistance she provided to Congdon was somehow insufficient.

Bradford further claims that a breakdown in the administrative process occurred because the CAO failed to retain copies of the denial notice that it sent to Congdon and her daughter. Pursuant to the Medical Assistance Eligibility Handbook (MA Eligibility Handbook), copies of all notices are to be retained for a minimum of six years.[5] Gerrity testified that the CAO case record contained a copy of the denial notice sent to Bradford, but not those sent to Congdon or her daughter. Bradford contends that this failure to comply with a retention provision in the MA Eligibility Handbook constitutes a breakdown in the administrative process. We cannot agree.

---

[4] Departmental regulations provide, in pertinent part, that with respect to clients making appeals, "[t]he County Assistance Office or administering or provider agency will provide whatever help the applicant/recipient needs in requesting a hearing." 55 Pa. Code §275.4(a)(1).

[5] Section 377.6 of the MA Eligibility Handbook states, "[t]he CAO copy of all notices sent to an applicant or recipient will be kept for six years, either in the CAO case record or in electronic documents." http://services.dpw.state.pa.us/oimpolicymanuals/ma/whnjs.htm.

6

As the BHA noted, Bradford did not contest receiving the April 1, 2010 denial notice, and it filed a second application for benefits on behalf of Congdon in May 2011. Therefore, Bradford was aware of Congdon not having MA LTC benefits and failed to explain why it waited almost five years to appeal the denial.[6] In addition, Gerrity testified that according to departmental procedure, copies of the denial notice would have been sent to Congdon and her daughter. Congdon's daughter did not testify at the hearing and there is no evidence indicating that she was not aware of the denial.[7] In the absence of any competent evidence suggesting a lack of proper notice, failure to comply with a departmental retention policy does not rise to the level of an administrative breakdown warranting *nunc pro tunc* relief.

Furthermore, the party "seeking permission to file an appeal *nunc pro tunc* has the burden of establishing that: (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) appellee is not prejudiced by the delay." *J.C.*, 720 A.2d at 197 (citation omitted). Bradford did not file its appeal until 1,796 days after the denial notice was issued. Bradford does not contest receiving a copy of the denial notice in April 2010. It filed a second

---

[6] We note that a health care provider such as Bradford is presumed to know all pertinent eligibility regulations, *Martin*, 514 A.2d at 209, and "any delay caused by mere negligence or neglect of an attorney in failing to appeal within the required time period does not provide a basis for granting an appeal nunc pro tunc." *J.C.*, 720 A.2d at 197 (citing *DiJohn v. Unemployment Compensation Board of Review*, 687 A.2d 1213 (Pa. Cmwlth. 1997)).

[7] Even if Congdon's daughter was not made aware of the denial via proper notice, she still had a six-month window in which to follow up with the CAO and file an appeal. *See* 55 Pa. Code §275.3(b)(3). No such appeal was filed.

7

application on Congdon's behalf in May 2011, but for unexplained reasons waited until February 25, 2015, to file an appeal of the initial denial. This does not constitute a period "of very short duration." In addition, Bradford failed to present any evidence or argue that DHS would not be prejudiced by the delay.

Accordingly, because we discern no error in the determination that Bradford failed to meet its burden that it was entitled to file an appeal *nunc pro tunc*, the order of DHS is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Congdon by and through :
Bradford County Manor, :
                  Petitioner :
                          :
          v. :
                          :
Department of Human Services, :
             Respondent : No. 1817 C.D. 2015

# **O R D E R**

AND NOW, this 25th day of May, 2016, the Department of Human Services' August 27, 2015 Final Administrative Action Order is affirmed.

_____
DAN PELLEGRINI, Senior Judge