IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.D.,                                            :
              Petitioner          :
                               :          **CASE SEALED**
              v.                         :          No. 1814 C.D. 2015
                               :          Submitted: April 8, 2016
Department of Human Services,     :
              Respondent         :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: August 9, 2016

        S.D. petitions, *pro se*, for review of an adjudication of the Department of Human Services' Bureau of Hearings and Appeals that dismissed S.D.'s appeal requesting expungement of an indicated report of child abuse. The Bureau's order adopted the recommendation of the Administrative Law Judge (ALJ), who concluded that S.D.'s appeal was untimely and should not be allowed *nunc pro tunc*. For the reasons that follow, we affirm.

        On February 4, 2008, S.D was named as a perpetrator of child abuse in a report filed by the Department's Western Region Office of Children, Youth and Families. On February 12, 2008, the Department notified S.D. by letter that her name had been placed on the ChildLine registry as a perpetrator of child abuse. The letter informed S.D. that she had 45 days to request expungement of the indicated report. On February 29, 2008, S.D. requested the Department to review the indicated report. On May 5, 2008, the Department notified S.D. by letter that

after review it had decided not to expunge the indicated report from the ChildLine registry. Its letter stated:

> We have completed our review of your request to amend the report of child abuse in which you are listed as one of the perpetrators of the act(s) of abuse. We believe the report is accurate and being maintained in a manner consistent with the Child Protective Services Law.[1] Thus the report will remain on file as originally reported.
>
> However, you do have the right to a hearing before the Secretary of the Department of [Human Services] or their designee, the Bureau of Hearings and Appeals.
>
> If it is your desire to have a hearing, please submit your request in writing within 45 days of the date of this letter to Child Abuse Appeals at the above address. Please include a telephone number where you can be contacted. Your request will be forwarded to the Bureau of Hearings and Appeals who will schedule a hearing and notify you of the time and place for the hearing.
>
> If you have any questions about the law or appeal process please write to Child Abuse Appeals or contact that office at 717-772-7016.

Certified Record (C.R.) Item No. 3, Exhibit C-3 (emphasis in original). S.D. did not request a hearing or otherwise respond in writing to the Department's letter.

On May 12, 2015, the Department sent S.D. another letter advising her as follows:

> The Pennsylvania Child Protective Services Law requires that certain Indicated or Founded child abuse reports entered into the Statewide Database, must be destroyed when the child reaches 23 years of age.

---

[1] 23 Pa. C.S. §§6301-6386.

*If a social security number (SSN) or a date of birth appears above, your information as a perpetrator will remain on file indefinitely.* You may obtain a copy of the report by writing to me at the below address. The name and address of the child, and all other subjects, have been destroyed. If neither a SSN nor a date of birth appears above, your name and address have also been destroyed.

C.R. Item No. 3, Exhibit C-4 (emphasis added). Because the letter contained S.D.'s social security number and date of birth, this meant that S.D.'s indicated report would not be destroyed when the child victim reached age 23 but, rather, would remain on the ChildLine Registry indefinitely.

S.D. responded in a letter the Department received on June 8, 2015, that requested that her "name be expunged from the Perpetrator files … as well as the ChildLine [Report] dated 12/13/07." C.R. Item No. 3. S.D. asserted that her name was mistakenly added because the charges were actually filed against her husband in 2007. She was never, in fact, a perpetrator of abuse against the subject child.

On July 23, 2015, the ALJ conducted a hearing to consider whether S.D.'s appeal was timely and, if not, whether sufficient reasons existed for the appeal to proceed *nunc pro tunc*. S.D. testified on her own behalf. Mary Lou Warchola and Tiffinee McClendon-Spencer testified on behalf of the Department.

S.D. acknowledged that she received the Department's May 5, 2008, notice denying her request for review of the indicated report and advising her that she had 45 days to appeal. Counsel for the Department questioned S.D. regarding why she waited approximately seven years to appeal:

> [Counsel for the Department]: And so you were made aware, then, of the Department of Human Services' decision that they reviewed your request to amend the report, and that they did, in fact, review it, and that their determination was that they were

3

going to keep it as it was, which is that you're still listed as a perpetrator; correct?

[S.D.]: Correct. And I told you I was challenging it.

[Counsel for the Department]: And I understand your reason for challenging it. But it also says in that letter that you had 45 days from the date of that letter to request a hearing in this matter. Okay. And you did not do so; correct?

[S.D.]: I did do so.

[Counsel for the Department]: How did you do it, and what did you do?

[S.D.]: I did it by phone.

Notes of Testimony, 7/23/2015, at 18-19 (N.T. ___). When pressed further about her telephone call to the Department, Claimant could not recall on what date she called or to whom she spoke.

McClendon-Spencer testified that the Department had no record of S.D. calling to appeal the indicated report. This prompted the following exchange with the ALJ:

[ALJ]: You do accept appeals orally?

[McClendon-Spencer]: I'm sorry, I didn't ---. No. No, not at all. I misunderstood what you said.

[ALJ]: That's okay. So you only accept appeals that are in writing; correct?

[McClendon-Spencer]: In writing, yes.

N.T. 51.

On August 7, 2015, the ALJ recommended that S.D's appeal be dismissed as untimely. The ALJ explained:

> [S.D] testified at the hearing that she filed a timely appeal of the May 5, 2008 notice by telephone. However, [S.D.] could not recall who she spoke with at ChildLine, nor could she recall the nature of the conversation. Therefore, I do not find her testimony to be credible. In addition, Ms. McClendon-Spencer, who has been employed with ChildLine for nearly 20 years, testified that it is not ChildLine's procedure to accept oral appeals, and further, the May 5, 2008 notice clearly instructs [S.D.] to send her request for a hearing "<u>in writing</u>." Thus, even if [S.D.] did file a timely appeal by telephone, it was not a valid appeal.

ALJ Adjudication at 4. The ALJ further concluded that because the notice was sent to S.D.'s address and the Department followed its standard operating procedures, S.D.'s delay in filing was not caused by a breakdown in the administrative process. Accordingly, S.D.'s appeal could not be accepted *nunc pro tunc*. The Bureau of Hearings and Appeals adopted the ALJ's adjudication and dismissed S.D.'s appeal on August 10, 2015. S.D. petitioned for this Court's review.

On appeal,[2] S.D. contends that her appeal was timely because she appealed by telephone within 45 days of the May 5, 2008, notice. In the alternative, S.D. claims that her appeal should be accepted *nunc pro tunc* because there was a breakdown in the administrative process. Specifically, S.D. asserts that the May 5, 2008, notice to appeal was defective because it included a phone number, which suggested the Department would accept appeals by phone. The Department counters that an appeal by telephone is impermissible, as was stated in the May 5, 2008, notice. We agree with the Department.

---

[2] This Court's review is to determine whether the petitioner's constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *G.M. v. Department of Public Welfare*, 957 A.2d 377, 379 n.1 (Pa. Cmwlth. 2008).

At the time the Department sent its notice to S.D., Section 6341(a)(2) of the Child Protective Services Law stated, in relevant part, as follows:

> Any person named as a perpetrator ... in an indicated report of child abuse may, within 45 days of being notified of the status of the report, request the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter.

23 Pa. C.S. §6341(a)(2).[3]  The Department's regulation governing appeal procedures provides:

> (a)  A perpetrator may appeal the Secretary's decision to deny the request to expunge an indicated report by filing an appeal with the Secretary.
>
> \*\*\*
>
> (c)  The request shall be made to the Secretary and postmarked within 45-calendar days of the date of the notification letter from the Secretary to either grant or deny the request to expunge the report.

55 Pa. Code §3490.106a.[4]

---

[3] Section 6341(a)(2) was amended in 2013 to read as follows:

> Any person named as a perpetrator, and any school employee named, in an indicated report of child abuse may, *within 90 days* of being notified of the status of the report, request an administrative review by, or appeal and request a hearing before, the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. *The request shall be in writing* in a manner prescribed by the department.

23 Pa. C.S. §6341(a)(2) (emphasis added).  These amendments were effective December 31, 2014.

[4] In its brief, the Department relies on 55 Pa. Code §3490.106.  However, this section concerns "[h]earings and appeals proceeding for reports *received by ChildLine prior to July 1, 1995*."  55 Pa. Code §3490.106 (emphasis added).  The regulation at 55 Pa. Code §3490.106a concerns "[h]earings and appeals proceeding for indicated reports received by ChildLine after June 30,
**(Footnote continued on the next page . . .)**

It is undisputed that S.D. received the Department's May 5, 2008, letter. She did not file a *written* appeal until May 19, 2015, seven years beyond the 45-day deadline. Even assuming S.D. telephoned the Department before the deadline, as she testified, it is of no moment. The Department's regulation requires that a perpetrator "file" an appeal and that it be "postmarked" within 45 days of the notification letter. S.D.'s telephone call did not perfect an appeal under the applicable statute and regulation. Accordingly, the Bureau did not err in holding that S.D.'s appeal was untimely.[5]

We next consider whether S.D. was entitled to appeal *nunc pro tunc*. An untimely appeal deprives the Department of jurisdiction, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998). Nevertheless, in limited circumstances, the deadline for filing an appeal can be extended *nunc pro tunc*. *Id*. A *nunc pro tunc* appeal may be allowed only when the delay was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process, or due to non-negligent circumstances related to the appellant, her counsel or a third party. *Id*.

S.D. argues that she was misled by the May 5, 2008, notice because it listed a phone number, which implied that appeals could be made by telephone.

_____

**(continued . . .)**
1995." Because the indicated report regarding S.D. was filed in 2008, the latter regulation is applicable.

[5] S.D. does not argue that the Department's May 12, 2015, notice triggered a new 90-day limitations period for challenging an indicated report. *See* 23 Pa. C.S. §6341(a)(2) (quoted in fn. 3, *supra*). We will not raise the issue *sua sponte*. We note, however, that S.D. can request an amendment or expungement of the indicated report at any time "upon good cause shown." *See* 23 Pa. C.S. §6341(a)(1) and fn. 6, *infra*.

We reject this argument. The notice stated: "If it is your desire to have a hearing, please submit your request *in writing* within 45 days of the date of this letter[.]" C.R. Item No. 3, Exhibit C-3 (emphasis in original). In an entirely separate paragraph the notice states: "If you have any questions about the law or appeal process please write to Child Abuse Appeals or contact that office at 717-772-7016." *Id.* By prefacing the phone number with the statement "If you have any questions," the notice limited the purpose of the phone number. Because the notice unambiguously stated that the appeal had to be in writing, S.D. did not demonstrate a breakdown in the administrative process by reason of the language of the notification letter. The Bureau did not err in denying *nunc pro tunc* relief.

For these reasons, the order of the Bureau is affirmed.[6]

_____
MARY HANNAH LEAVITT, President Judge

_____

[6] We note that a 2014 amendment to the Child Protective Services Law provides another avenue to challenge a listing on the ChildLine Registry. It means that a listing may not be "forever" even where a hearing request is denied as untimely. The statute now provides, in relevant part:

*At any time, the secretary may amend or expunge any record in the Statewide database under this chapter upon good cause shown* and notice to the appropriate subjects of the report. The request shall be in writing in a manner prescribed by the department. For purposes of this paragraph, good cause shall include, but is not limited to, the following:

(i)    Newly discovered evidence that an indicated report of child abuse is inaccurate or is being maintained in a manner inconsistent with this chapter.

(ii)    A determination that the perpetrator in an indicated report of abuse no longer represents a risk of child abuse and that no significant public purpose would be served by the continued listing of the person as a perpetrator in the Statewide database.

23 Pa. C.S. §6341(a)(1) (emphasis added).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.D.,                                    :
             Petitioner                  :
                                         :
        v.                               :    No. 1814 C.D. 2015
                                         :
Department of Human Services,            :
             Respondent                  :

# **O R D E R**

AND NOW, this 9th day of August, 2016, the order of Department of Human Services' Bureau of Hearings and Appeals dated August 17, 2015, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge