IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joshua A. Noweck | : | |
| | : | |
| v. | : | No. 1991 C.D. 2016 |
| | : | Submitted: August 4, 2017 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge (P.)
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: October 23, 2017

The Department of Transportation, Bureau of Driver Licensing (Department), appeals an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the appeal *nunc pro tunc* of Joshua A. Noweck from the one-year suspension of Noweck's driving privilege under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. §1547(b)(1)(i).[1]  Because Noweck's appeal was untimely, and he failed to demonstrate circumstances justifying an appeal *nunc pro tunc*, we are constrained to vacate the trial court's order.

By notice dated July 26, 2016, the Department informed Noweck that his driving privilege would be suspended for one year as a result of his refusal to submit to a chemical test on July 11, 2016.  The notice also informed Noweck that

_____

[1] This section, commonly referred to as the Implied Consent Law, requires the Department to suspend the driving privileges of a licensee for 12 months as a consequence of the licensee's refusal to submit to chemical testing where the licensee was placed under arrest for a violation of Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802 (relating to driving under the influence of alcohol or controlled substance).

he had 30 days to file an appeal in the trial court. On September 12, 2016, Noweck filed a Motion to File a Summary Appeal Nunc Pro Tunc, in which he averred, *inter alia*, that when he received the Department's notice of suspension he was represented by counsel. Noweck further alleged that his appeal was filed late "purely due to counsel's error in misplacing the suspension letter." Certified Record (C.R.) Item No. 1 at 2, ¶4.

On September 22, 2016, the trial court held a hearing on Noweck's motion. At the hearing, counsel informed the trial court that he had gone on vacation and that the filing of Noweck's appeal "fell through the cracks[.]" Notes of Testimony (N.T.), 9/22/2016, at 2; C.R. Item No. 8 at 2. As a result, the appeal was filed late. The trial court granted Noweck's motion for *nunc pro tunc* relief, over the Department's objection, ruling from the bench that "if the lawyer did not do his or her job that's a breakdown in the system." *Id.* at 3. That same day, the trial court entered an order granting Noweck's motion.

Thereafter, on November 17, 2016, a hearing was held on the merits of Noweck's statutory license suspension appeal. The Department's witness failed to appear because he had been misinformed by his employer of the hearing date. Because the Department could not proceed with its case, the trial court sustained Noweck's appeal. Thereafter, the Department timely appealed to this Court.

On appeal,[2] the Department raises one issue. It argues that the trial court erred and abused its discretion in allowing Noweck to proceed with his appeal *nunc pro tunc* because the appeal was untimely due to the negligence of Noweck's

---

[2] Where the trial court allows an untimely appeal to be filed *nunc pro tunc*, this Court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 347 n.5 (Pa. Cmwlth. 2008).

attorney. Noweck responds that the circumstances in this case warranted *nunc pro tunc* relief, especially since the Department was not prejudiced by the delay in the filing of the appeal.

A licensee has 30 days from the mailing date of the Department's notice of suspension to file an appeal with the trial court. 42 Pa. C.S. §§5571(b), 5572; *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Where an appeal is filed beyond the 30-day period, it is untimely and "deprive[s] the [trial court] of subject matter jurisdiction over such appeal." *Hudson*, 830 A.2d at 598 (quoting *Department of Transportation, Bureau of Driver Licensing v. Maddesi*, 588 A.2d 580, 582 (Pa. Cmwlth. 1991)). This Court has explained:

> [S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the appeal.

*Hudson*, 830 A.2d at 598 (citations omitted).

Here, it is undisputed that Noweck filed his appeal after the 30-day appeal period. Nevertheless, Noweck contends that he was entitled to file his appeal *nunc pro tunc*. Noweck states that the delay in filing the appeal was not his fault. He points out that as soon as his attorney discovered that the appeal had not been timely filed, he filed the appeal the very next day. The delay, which was only 20 days, did not prejudice the Department.

Generally, an extension of time to file an appeal *nunc pro tunc* is allowed where fraud or a breakdown in the court's operations caused the delay in

3

filing the appeal. *Smith v. Department of Transportation, Bureau of Driver Licensing*, 749 A.2d 1065, 1066 (Pa. Cmwlth. 2000). In addition, an appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by "non-negligent circumstances related to the [petitioner], his counsel or a third party." *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998). The exception for non-negligent circumstances, however, is given a narrow application. This exception "is meant to apply only in unique and compelling cases in which the [petitioner] has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). For example, our Supreme Court found non-negligent circumstances existed where the attorney's secretary failed to file the appeal because she got sick and was out of the office. *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979). Similarly, non-negligent circumstances existed when the appellant missed the deadline to file the appeal because he had been admitted to the hospital for medical issues. *Cook v. Unemployment Compensation Board of Review,* 671 A.2d 1130, 1132 (Pa. 1996).

In contrast, this Court has held that "any delay caused by mere negligence or neglect of an attorney in failing to appeal within the required time period does not provide a basis for granting an appeal *nunc pro tunc*." *J.C.*, 720 A.2d at 197; *see also Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003); *Rostosky v. Department of Environmental Resources*, 364 A.2d 761, 763 (Pa. Cmwlth. 1976) ("the mere neglect of counsel cannot justify the granting of an appeal [n]unc pro tunc."). For example, an attorney's calendaring error does not justify *nunc pro tunc* relief. *See C.A. v. Department of Human Services*, (Pa. Cmwlth., No. 1050 C.D. 2016, filed February

4

24, 2017) (unreported).[3]   Likewise, a secretary's lapse in memory regarding the filing of an appeal is not considered a non-negligent circumstance warranting *nunc pro tunc* relief.  *See Moyd v. Cook-Artis*, (Pa. Cmwlth, No. 1453 C.D. 2008, filed February 10, 2009) (unreported).

Here, Noweck's license suspension appeal was not filed within the statutory time period.  Noweck does not assert that fraud or a breakdown within the administrative or judicial process occurred.  He explains that his appeal was not timely filed because it "fell through the cracks" at his attorney's office.  N.T., 9/22/2016, at 2; C.R. Item No. 8.  It is of no consequence that Noweck's attorney or his staff, not Noweck, was at fault.  The delay in filing was not the result of exceptional circumstances; rather, it was due to a mistake.  While we are sympathetic to Noweck's situation, he failed to make the threshold showing that exceptional, non-negligent circumstances caused the appeal to be untimely filed.  Moreover, even assuming the Department was not prejudiced by the delay, that is not a basis for *nunc pro tunc* relief.

For all of the foregoing reasons, we hold that the trial court lacked subject matter jurisdiction to consider Noweck's untimely appeal.  Accordingly, we vacate the order of the trial court sustaining Noweck's appeal and remand the matter to the trial court to quash the appeal.

_____
MARY HANNAH LEAVITT, President Judge

---

[3] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua A. Noweck                      :
                                      :
          v.                 :  No. 1991 C.D. 2016
                                        :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,      :
               Appellant    :

# **O R D E R**

AND NOW, this 23rd day of October, 2017, the order of the Allegheny County Court of Common Pleas in the above-captioned matter dated November 17, 2016, is VACATED and the matter is REMANDED to the trial court to quash the appeal.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge