aIN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Wade Allen Harris                    :
                                            :
            v.                              : No. 636 C.D. 2017
                                            : Submitted: January 19, 2018
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing,                 :
                        Appellant           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                      FILED: February 13, 2018


            The Commonwealth of Pennsylvania, Department of Transportation,
Bureau of Driver Licensing (Department) appeals an order of the Court of
Common Pleas of Allegheny County (trial court) sustaining Justin Wade Allen
Harris's (Harris) appeal from the Department's one-year suspension of his driving
privileges under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. §
1547(b)(1)(i),[1] for failure to submit to chemical testing.  Because Harris's appeal

---

[1] Section 1547(b)(1)(i) of the Vehicle Code provides:

> If any person placed under arrest for a violation of section 3802 is
> requested to submit to chemical testing and refuses to do so, the
> testing shall not be conducted but upon notice by the police officer,
> the department shall suspend the operating privilege of the person.

**(Footnote continued on next page…)**

was untimely and he failed to demonstrate circumstances justifying an appeal *nunc pro tunc*, we vacate the trial court's order.

On September 29, 2016, the Department mailed Harris a notice informing him that his operating privileges were being suspended for one year for refusing a police officer's request to submit to a chemical test. The notice informed Harris that he had the right to appeal within 30 days of the date of mailing. Harris retained an attorney to appeal the suspension, but his attorney misplaced the paperwork and did not file the appeal in a timely manner.

On December 27, 2016, Harris filed with the trial court a motion for permission to file his appeal *nunc pro tunc*, alleging that his failure to timely appeal was "purely due to counsel's error in misplacing the suspension letter." (Reproduced Record (R.R.) at 3a.) At a hearing on this motion, Harris offered no evidence concerning the circumstances that caused the delay in filing the appeal. Instead, the trial court had the following colloquy with William Kuhar (Mr. Kuhar), the Department's counsel:

> MR. KUHAR: Your Honor, Mr. Harris is asking for leave to file a late appeal of the suspension of his operating privilege for a reported chemical test refusal on September 17th of 2016. The [D]epartment opposes the

---

**(continued…)**

> . . . (i) [e]xcept as set forth in subparagraph (ii), for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

granting of this petition on the grounds that the reason asserted why the appeal was filed late, mainly that Mr. Harris' attorney --

THE COURT: Committed malpractice.

MR. KUHAR: -- made a mistake in misplacing the suspension notice, is not, under the court rules --

THE COURT: I understand that, sir. But how can I penalize somebody because their [sic] lawyer screwed up?

* * *

MR. KUHAR: Because the appellate courts have held that --

THE COURT: Let the appellate courts overturn me. I understand that. We're going to grant it.

* * *

THE COURT: Why don't you lawyers understand, you got to know when to hold them, know when to fold them. Kenny Rogers.

It's a breakdown in the system if the lawyers screw up. It's a breakdown in the system, Mr. Kuhar.

MR. KUHAR: No.

THE COURT: It just is.

MR. KUHAR: Your Honor, may I at least submit -- [packet of materials containing the notice of suspension and other documents.]

THE COURT: You can submit all you want, but I'm telling you right now, as far as I'm concerned it's a breakdown in the system.

MR. KUHAR: As long as they're admitted.

*** 

> MR. KUHAR: If I may, Your Honor, could I at least provide you with what the Commonwealth Court has said in these opinions?
>
> THE COURT: Commonwealth Court is the enabler of the Department of Transportation, to be perfectly honest with you, Mr. Kuhar. I mean, it is my experience in reading their [sic] opinions that the Department of Transportation could look outside at noon and say it was dark and the Commonwealth Court would agree with them [sic].

(R.R. at 21a-23a.)

On May 11, 2017, the trial court held a *de novo* hearing. When the Department's counsel advised the court that the Department was unable to proceed due to the failure of the police officer to appear at the hearing to establish that Harris refused to submit to chemical testing, the trial court sustained Harris's appeal.

The Department then appealed to this Court raising one issue – that the trial court erred and abused its discretion in allowing Harris to appeal *nunc pro tunc* based on the negligence of his attorney in failing to file the appeal in a timely manner.[2]

---

[2] This Court's review of the trial court's decision to allow an appeal *nunc pro tunc* is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Boucher*, 691 A.2d 450, 453 (Pa. 1997).

4

In *Noweck v. Department of Transportation, Bureau of Driver Licensing*, (Pa. Cmwlth., No. 1991 C.D. 2016, filed Oct. 23, 2017) (unreported), we gave a succinct but complete analysis of the law regarding *nunc pro tunc* appeals where an attorney was negligent in failing to file a timely appeal. With some editing, we repeat this analysis below.

A licensee has 30 days from the mailing date of the Department's notice of suspension to file an appeal with the trial court. *See* 42 Pa.C.S. §§ 5571(b), 5572; *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Where an appeal is filed beyond the 30-day period, it is untimely and "deprive[s] the [trial court] of subject matter jurisdiction over such appeals." *Hudson*, 830 A.2d at 598 (quoting *Department of Transportation, Bureau of Driver Licensing v. Maddesi*, 588 A.2d 580, 582 (Pa. Cmwlth. 1991)). This Court has explained:

> [S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the appeal.

*Hudson*, 830 A.2d at 598 (citations omitted).

Generally, an appeal *nunc pro tunc* is allowed where fraud or a breakdown in the court's operations caused the delay in filing the appeal. *Smith v.*

*Department of Transportation, Bureau of Driver Licensing*, 749 A.2d 1065, 1066 (Pa. Cmwlth. 2000). In addition, an appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by "non-negligent circumstances related to the [petitioner], his counsel or a third party." *J.C. v. Department of Public Welfare*, 720 A.2d 193, 197 (Pa. Cmwlth. 1998). The exception for non-negligent circumstances, however, is given narrow application. This exception "is meant to apply only in unique and compelling cases in which the [petitioner] has clearly established that [he] attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). For example, our Supreme Court found non-negligent circumstances existed where the attorney's secretary failed to file the appeal because she got sick and was out of the office. *Bass v. Commonwealth*, 401 A.2d 1133, 1135-36 (Pa. 1979). Similarly, non-negligent circumstances existed when the appellant missed the deadline to file the appeal because he had been admitted to the hospital for medical issues. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1132 (Pa. 1996).

In contrast, we have held that "any delay caused by mere negligence or neglect of an attorney in failing to appeal within the required time period does not provide a basis for granting an appeal *nunc pro tunc*." *J.C.*, 720 A.2d at 197; *see also Schofield v. Department of Transportation, Bureau of Driver Licensing*, 828 A.2d 510, 512 (Pa. Cmwlth. 2003); *Rostosky v. Department of Environmental Resources*, 364 A.2d 761, 763 (Pa. Cmwlth. 1976) (holding that "the mere neglect of counsel cannot justify the granting of an appeal [n]unc pro tunc."). For example, an attorney's calendaring error does not justify *nunc pro tunc* relief. *C.A.*

*v. Department of Human Services*, (Pa. Cmwlth., No. 1050 C.D. 2016, filed February 24, 2017) (unreported). Likewise, a secretary's lapse in memory regarding the filing of an appeal is not considered a non-negligent circumstance warranting *nunc pro tunc* relief. *Moyd v. Cook-Artis*, (Pa. Cmwlth., No. 1453 C.D. 2008, filed February 10, 2009) (unreported).

In this case, it is undisputed that Harris's license suspension appeal was filed well after the required 30-day period. Harris does not contend that fraud or a breakdown within the administrative or judicial process occurred. His only reason that he offers in support of his *nunc pro tunc* appeal is that his attorney "misplaced" the paperwork. Because Harris failed to make the threshold showing that exceptional, non-negligent circumstances caused the appeal to be untimely filed, he has failed to establish a basis for *nunc pro tunc* relief.

Because the trial court lacked subject matter jurisdiction to consider Harris's untimely appeal, we vacate the trial court's order sustaining Harris's appeal and remand the matter to the trial court to quash the appeal.

_____
DAN PELLEGRINI, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin Wade Allen Harris      :
                                 :
             v.                 : No. 636 C.D. 2017
                                 :
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Driver Licensing,       :
                  Appellant    :


# **O R D E R**


AND NOW, this 13th day of February, 2018, the May 11, 2017 order of the Court of Common Pleas of Allegheny County (trial court) in the above-captioned matter is vacated and the matter is remanded to the trial court to quash the appeal.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge