518 A.2d 897

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Danie Mark Bishop, Appellee.

484

Submitted on briefs September 2, 1986, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

No appearance for appellee.

OPINION BY SENIOR JUDGE KALISH, December 17, 1986:

The Commonwealth of Pennsylvania, Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Luzerne County directing the Department of Transportation to remove four points from the driving record of Danie Mark Bishop. We reverse.

At trial the Commonwealth introduced into evidence the record of convictions, and rested. The record

shows that Bishop was driving on Route 309, and that two officers riding in the same police vehicle each gave Bishop two citations, charging him with two violations of section 3306 of the Vehicle Code, 75 Pa. C. S. §3306 (driving on the left side of the road and improper passing), and two violations of section 3362 of the Vehicle Code, 75 Pa. C. S. §3362 (speeding). Thus, he received a total of four citations. Each citation indicated that the time of arrest was 12:15 p.m. Two offenses occurred on Route 309, where it intersects with Route 292, and the other two offenses occurred on Route 309 at Copper Mine Hill. The two locations are in close proximity, but not at the same place. Bishop pled guilty to all offenses at a de novo hearing in the trial court.

As a result of the convictions, DOT assigned four points to Bishop's driving record for one citation of driving on the wrong side of the road and improper passing, and four points for one citation of speeding. Bishop had previously been assigned three points for a conviction on April 3, 1983, for failure to stop and yield violations. Thus, Bishop had an accumulation of eleven points.

DOT notified Bishop that his license would be suspended for fifty-five days pursuant to section 1539(b) of the Vehicle Code, 75 Pa. C. S. §1539(b). It was this notification that Bishop appealed to the trial court. The trial court directed DOT to remove four points from Bishop's record. The basis of the trial court's order was that the circumstances constituted one act, for which Bishop could be assessed only four points.

DOT contends that the violations for which Bishop was convicted were separate, and arose from separate and distinct acts for the purposes of imposing penalties.

In cases in which the trial court is the fact finder, our scope of review is limited to a determination of whether the court based its findings of fact on substantial evidence or committed an error of law. *Department*

*of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 367 A.2d 816 (1977).

Section 1535(b) of the Vehicle Code, 75 Pa. C. S. §1535(b), provides, "If a driver is convicted of two or more offenses as a result of the same act, points shall be assessed only for the offense for which the greatest number of points may be assessed."

While the citations indicate that all of the offenses occurred at 12:15 p.m., the record shows that Route 292 enters into Copper Mine Hill at close proximity, but that all of the offenses did not occur at the same location or at the same time. Mere proximity does not constitute a single act. *Nolt v. Commonwealth,* 64 Pa. Commonwealth Ct. 144, 439 A.2d 874 (1982). Separate and distinct offenses are not merged into a single act merely because Bishop's conduct occurred during one continuous episode on Route 309. *See Reese v. Department of Transportation,* 71 Pa. Commonwealth Ct. 244, 455 A.2d 232 (1983). Nor do the acts coalesce merely because the citations read that they occurred at the same time. The fact is that the acts occurred at different times, not simultaneously, and at two noncontiguous locations. *See Department of Transportation v. McKiniry,* 89 Pa. Commonwealth Ct. 77, 491 A.2d 928 (1985).

By analogy to double jeopardy cases, the test applied is whether each violation requires proof of a fact which the other does not. *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981). In the instant case, it is not necessary for the speeding conviction to prove that Bishop also unlawfully passed another vehicle. He could be convicted of speeding without unlawfully passing. Likewise, he could be convicted of unlawfully passing without speeding. In other words, proof of one offense does not necessarily prove the other offense. Consequently, they are two distinct acts for the purposes of reporting of penalties.

Bishop did not waive consideration of this issue. Although he filed no brief in this Court, his argument in the trial court raised this issue by implication, when he contended that his conduct should be considered one act for penalty purposes.

Accordingly, we reverse.

## ORDER

NOW, December 17, 1986, the order of the Court of Common Pleas of Luzerne County, No. 3323-C of 1983, dated September 21, 1983, is reversed.