588 A.2d 580

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Shawn MADDESI, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 1991.

Decided March 18, 1991.

468

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, King of Prussia, for appellant.

W. David Breen, Cronin, Emuryan & Breen, Woodlyn, for appellee.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Delaware County (trial court) which remanded the appeal of Shawn Maddesi (licensee) for the proper computation of points to be assigned to the licensee's driving record.

The findings of fact, as made by the trial court, are as follows:

1. Defendant received three (3) separate citations on March 30, 1989 which were all the result of a single traffic stop.

2. The citations were for violations of the following subsections of 75 Pa.C.S.A. Section 2535: 3361 (Driving too fast for conditions–2 points); 3112(a)(3)(i) (Failure to stop for a red light–3 points); and 3714 (Reckless driving–3 points).

3. Defendant received an Official Notice from Department March 15, 1990 stating that his driving privileges were being suspended for a period of one year due to the accumulation of 11 points following a violation of Section 3112(a)(3)(i) of the Vehicle Code on March 30, 1989. This suspension was pursuant to 75 Pa.C.S.A. Section 1539.

4. Defendant received a second Official Notice from Department on March 27, 1990. This notice stated that he had accumulated 8 (not 11) points as the result of a violation of Section 3714 of the Vehicle Code on March 30,

1989 and required him to appear at a Departmental Hearing on April 19, 1990.

5. Defendant consulted counsel who was aware that 75 Pa.C.S.A. Section 1535(b) provided that: "If a driver is convicted of two or more offenses as a result of the same act, points shall be assessed only for the offense for which the greatest number of points may be assessed."

6. Counsel advised Defendant to attend the Departmental Hearing and attempt to clear up, at that time, the ambiguity that resulted from the two, contradictory Official Notices. There is no dispute that the Hearing Officer was empowered to alter the suspension notice.

7. Defendant did attend the Departmental Hearing on April 19, 1990 and was assessed 3 points for violation of Section 3714 which brought his total, as far as the Hearing Office was concerned, to 8 points. The Hearing Office then advised Defendant to appeal as to the assessment of the additional points which the Notice of Suspension indicated brought Defendant's total up to 11 points.

8. Defendant filed his License Suspension Appeal on April 25, 1990 41 days after the suspension notice was mailed but only 6 days after the Department Hearing.

Trial Court's Opinion, September 24, 1990 at 1–3.

■ Based on these facts, the trial court concluded that there had been a "breakdown in administrative operations" which had injured the licensee and thus he was permitted to appeal his license suspension *nunc pro tunc*. The trial court also held that DOT improperly assessed points to the licensee's driving record in violation of Section 1535(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1535(b). The trial court ultimately remanded the licensee's appeal to DOT for the proper computation of points to be assigned to the licensee's driving record. This appeal followed.[1]

1. Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *McGraw v. De-*

On appeal, this Court is called upon to determine whether the trial court erred in permitting the licensee to appeal his license suspension *nunc pro tunc,* and also to determine whether the trial court erred in holding that the licensee's citations arose out of the same act, thus precluding a separate assessment and assignment of points for each citation under Section 1535(b) of the Code.

■ Pursuant to Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), a motorist has 30 days from the mailing date of DOT's notice of suspension ·in which to file an appeal with the appropriate court of common pleas. *Department of Transportation, Bureau of Driver Licensing v. Gross,* 115 Pa.Commonwealth Ct. 384, 540 A.2d 343 (1988). Appeals filed beyond the 30–day appeal period are untimely and deprive the common pleas court of subject matter jurisdiction over such appeals. *Department of Transportation, v. Shain,* 114 Pa.Commonwealth Ct. 360, 538 A.2d 994 (1988). Here, the record reveals that DOT mailèd a notice of suspension to the licensee on March 15, 1990 and that an appeal was taken by him on April 25, 1990.

Generally speaking, appeals *nunc pro tunc* have only been permitted in extraordinary circumstances involving fraud or a breakdown in the court's operations through a default of its officers which has resulted in injury to the appealing party. *Cadogan Township Board of Supervisors v. Department of Environmental Resources,* 121 Pa.Commonwealth Ct. 18, 549 A.2d 1363 (1988). In this case, the trial court allowed the licensee to appeal his license suspension *nunc pro tunc* due to the fact that he had received two official notices from DOT which contradicted one another.

■ The first notice received by the licensee was a notice of suspension, dated March 15, 1990 which stated that a one-year license suspension was being imposed as a result of the licensee accumulating 11 points. The second notice

*partment of Transportation, Bureau of Traffic Safety,* 123 Pa.Commonwealth Ct. 120, 552 A.2d 1165 (1989).

received by the licensee was dated March 27, 1990 and informed him that he was required to attend a departmental hearing on April 19, 1990 because he had accumulated eight points. In its brief, DOT submits that while the order in which the notices were mailed to the licensee was unfortunate, such order of mailing does not amount to a breakdown in the administrative process so as to justify an appeal *nunc pro tunc* from the notice of suspension. We disagree. In our view, the order in which the notices were mailed, when viewed in conjunction with the contradictory contents of the notices, was sufficiently confusing to constitute a breakdown in the administrative process. Therefore, we hold that the trial court properly exercised its discretion in permitting the licensee to appeal his license suspension *nunc pro tunc.*

We must now determine whether the trial court erred in holding that the licensee's citations arose out of the same act, thus precluding DOT from separately assessing and assigning points for each citation.

The trial court found that the licensee received three separate citations[2] on March 30, 1989 which were all the result of a "single traffic stop." Specifically, the trial court found that the licensee's violation of Section 3714 of the Code, 75 Pa.C.S. § 3714 (reckless driving), and his violation of Section 3112(a)(3)(i) of the Code, 75 Pa.C.S. § 3112(a)(3)(i) (failure to stop for a red light), arose from the same act, and thus pursuant to Section 1535(b) of the Code, DOT could only assess three points, and not six, against the licensee's driving record.[3] DOT contends that the violations for which the licensee was convicted were separate and distinct acts for the purposes of imposing penalties.

In *Department of Transportation, Bureau of Traffic Safety v. Bishop,* 102 Pa.Commonwealth Ct. 483, 518 A.2d

---

**2.** Both the trial court and licensee's counsel claim that the licensee was issued a speeding citation on March 30, 1989. Our review of the evidence of record reveals no such citation. Accordingly, we will only address the two citations which resulted in the notice of suspension.

**3.** The offenses of reckless driving and failure to stop for a red light both carry a penalty of three points.

897 (1986), this Court had occasion to apply Section 1535(b) of the Code to a set of facts similar to those present here. In *Bishop*, the licensee received four citations, charging him with two violations of Section 3306 of the Code, 75 Pa.C.S. § 3306 (driving on the left side of the road and improper passing), and two violations of Section 3362 of the Code, 75 Pa.C.S. § 3362 (speeding). Each citation indicated that the time of arrest was 12:15 p.m. Two of the offenses occurred on Route 309 at the intersection of Route 292, and the other two offenses occurred on Route 309 at Copper Mine Hill. The two locations are in close proximity to one another but do not constitute the same place. The licensee ultimately pled guilty to all offenses at a *de novo* hearing before the common pleas court. As a result of the convictions, DOT assigned four points to the licensee's driving record for one citation of driving on the wrong side of the road and improper passing, and four points for one citation of speeding. On appeal, the common pleas court directed DOT to remove four points from the licensee's record on the basis that the circumstances constituted one act, and thus pursuant to Section 1535(b) of the Code, the licensee could only be assessed four points.

On appeal to this Court, we held that mere proximity of the location and time of the offenses does not constitute a single act for purposes of Section 1535(b) of the Code. *Bishop*, 102 Pa.Commonwealth Ct. at 486, 518 A.2d at 899. We also held that separate and distinct offenses are not merged into a single act merely because a licensee's conduct occurred during one continuous episode. *Id.* Nor do the acts coalesce merely because the citations read that they occurred at the same time. *Id.* In sum, we concluded that the test to be applied is whether each violation requires proof of a fact which the other does not. *Id.* In other words, in *Bishop*, we interpreted Section 1535(b) of the Code as prohibiting the separate assignment of points for multiple violations arising from the same act only where proof of one violation also proves another violation. Therefore, where one violation requires proof of a fact that

another violation arising out of the same act does not, DOT may properly assess separate points for each violation.

In applying the rationale adopted by this Court in *Bishop* to the case at bar, it is clear to us that the licensee's violations did not arise from the same act for purposes of Section 1535(b) of the Code, and thus DOT properly assessed separate points for each violation. The evidence of record reveals that the licensee received two citations; one for a red light violation and one for reckless driving for operating his vehicle in the rain at night without his lights turned on. In order to prove that the licensee failed to stop for a red light, the Commonwealth must show that the traffic control signal was red, and that the licensee traveled through that part of the intersection controlled by the red signal. In order to prove reckless driving, the Commonwealth need only demonstrate that the licensee's driving evidenced a careless disregard of the rights or safety of others. *Commonwealth v. Glassman*, 359 Pa.Super. 230, 518 A.2d 865 (1986), *appeal denied*, 515 Pa. 574, 527 A.2d 535 (1987). "Careless disregard" is the mens rea required to prove reckless driving. *Commonwealth v. Wood*, 327 Pa.Super. 351, 475 A.2d 834 (1984) (emphasis in original). Our research reveals that the offense of failing to stop for a red light has no such mens rea requirement. Thus, in order to convict the licensee of a red light violation, it is not necessary to prove that he showed a careless disregard of the rights or safety of others. Likewise, the licensee could be convicted of reckless driving without running a red light. In other words, proof of one offense does not necessarily prove the other offense. Consequently, we hold that they are separate acts for the purposes of assessing points to the licensee's driving record.

Accordingly, we must reverse the order of the trial court.

## ORDER

AND NOW, this 18th day of March, 1991, the order of the Court of Common Pleas of Delaware County, dated July

30, 1990, at Civil Action No. 90–5905, is reversed, and the order of the Department of Transportation, Bureau of Driver Licensing, suspending the operating privileges of Shawn Maddesi for one year, is hereby reinstated.