IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geronimo F. Rosado, Jr.,            :
                     Appellant        :
                                      :
             v.                   : No. 400 C.D. 2021
                                        : Submitted: December 3, 2021
Commonwealth of Pennsylvania,      :
Department of Transportation,        :
Bureau of Driver Licensing          :

BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE LEAVITT                   FILED: April 29, 2022

        Geronimo F. Rosado, Jr. (Licensee), *pro se*, appeals an order of the Court of Common Pleas of Chester County (trial court) that denied his petition to appeal, *nunc pro tunc*, the suspension of his driver's license. The Department of Transportation, Bureau of Driver Licensing (PennDOT), suspended Licensee's operating privilege under Section 1547(b)(1)(i) of the Vehicle Code for his refusal to submit to chemical testing after his arrest for driving under the influence of alcohol.[2] Licensee argues that because he did not receive PennDOT's notice of

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] Section 1547(b)(1)(i) states as follows:

     (b) Civil penalties for refusal.--

         (1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

suspension, he should be allowed to appeal *nunc pro tunc*. For the reasons that follow, we affirm the trial court.

On July 21, 2017, Licensee was arrested and charged with, *inter alia*, Driving Under the Influence of Alcohol or a Controlled Substance in violation of Section 3802 of the Vehicle Code, 75 Pa. C.S. §3802. The arresting officer transported Licensee to Chester County Hospital for chemical testing. The Implied Consent Form DL-26, signed by the officer, recorded that Licensee refused to submit to a blood test. Reproduced Record at 262a (R.R. __).[3] On August 30, 2017, PennDOT notified Licensee that his operating privilege would be suspended for one year, effective January 25, 2030, for violating 75 Pa. C.S. §1547(b)(1)(i) of the Vehicle Code (Implied Consent Law). PennDOT's notice stated that Licensee had a right to appeal the suspension, so long as he filed the appeal within 30 days.

Three years later, on September 11, 2020, Licensee filed a "petition to file *nunc pro tunc*" alleging that he never received PennDOT's August 30, 2017, suspension notice. R.R. 14a-19a. On November 19, 2020, the trial court conducted a hearing on Licensee's application to appeal *nunc pro tunc*.

At the hearing, Licensee testified that in July 2017, he was arrested for driving under the influence and was asked to consent to a chemical test. He refused. Licensee also testified that he did not learn that his operating privilege had been suspended until August 30, 2020, when he was pulled over for a traffic violation.

---

> (i) Except as set forth in subparagraph (ii), for a period of 12
> months.

75 Pa. C.S. §1547(b)(1)(i).

[3] Licensee's Reproduced Record fails to comply with Pennsylvania Rule of Appellate Procedure 2173 because he did not number the pages. *See* PA. R.A.P. 2173 (the pages of the reproduced record shall be numbered separately in Arabic figures and followed by a small a, thus 1a, 2a, 3a, etc.). For ease of reference and clarity, the Court will cite the Reproduced Record as if the pages were properly numbered, starting with the cover page as page 1a.

2

Notes of Testimony, 11/19/2020, at 9 (N.T. __); R.R. 241a. Licensee confirmed that his address is 401 West Gay Street in West Chester, Pennsylvania. Licensee explained that he has problems with his mail delivery because his

> address is 401 West Gay Street. The police station's address is 401 East Gay Street. And for some odd reason [its] mail . . . ends up at my house and my mail either gets delayed or it never even comes. And I've been having a problem with the Social Security office sending me mail and it's delayed or it never comes. I addressed this in other court hearings in this Department, in this courthouse and also their Circuit Court of Appeals as well with affidavits that I have been having ongoing problems with my mail and I never received any notice from PennDOT in 2017.
>
> And to that extent, the court – the Clerk of Courts docket reflects that I have filed over 30 petitions in regards to this [driving under the influence] related case. In that event, if I received notice from the chemical test refusal at that time, I would have filed an appeal and [taken] action[.]

N.T. 11; R.R. 243a. On cross-examination, Licensee stated that although he has been driving since October of 2001, he does not have a driver's license because he has been "incarcerated about 85[%]" of his life. N.T. 19; R.R. 251a.

PennDOT submitted documentary evidence that on July 21, 2017, Licensee was stopped for driving under the influence and refused chemical testing. On August 30, 2017, PennDOT notified Licensee that his "driving privilege" was

> suspended for a period of 1 year, effective 1/25/2030 at 12:01 a.m. This suspension is in addition to any other suspensions already on your record.

R.R. 259a.

3

Following the hearing, the trial court entered an order denying Licensee's petition for leave to appeal *nunc pro tunc* PennDOT's suspension of his operating privilege.[4]  Licensee appealed.

At the trial court's direction, Licensee filed a statement of errors complained of on appeal pursuant to PA. R.A.P. 1925(b).[5]  The trial court then issued a PA. R.A.P. 1925(a) opinion holding that Licensee's incoherent Rule 1925(b) Statement identified only one issue remotely relevant to the trial court's order denying *nunc pro tunc* relief.  Specifically, Licensee asserted that he was not allowed to prove that he has problems with his mail delivery.  The trial court explained that Licensee's testimony did not support an inference that mail addressed to him was mistakenly delivered to the police station.  Trial Court 1925(a) Op. at 2; R.R. 295a. The trial court held that Licensee's inadequate Rule 1925(b) Statement waived all issues on appeal.  Alternatively, to the extent any issues were found to be preserved,

---

[4] The trial court's order stated, in pertinent part:

> AND NOW, this 19th day of November 2020, after hearing, upon consideration of [Licensee's] Petition for Leave to Appeal Nunc Pro Tunc, it is hereby **ORDERED** and **DECREED** that [Licensee's] petition is:
>
> ☑ **DENIED** and the suspension shall **REMAIN IN EFFECT**.

R.R. 160a (emphasis in original).

[5] On February 12, 2021, Licensee requested additional time to file the Rule 1925(b) statement.  On February 22, 2021, Licensee filed a document entitled "Sui-Juris Statement of Errors Complained on Appeal Pursuant [to] Pa.R.A.P. No. 1925(b). (1)."  R.R. 210a-28a.  In this Statement, Licensee identified 14 errors by the trial court, including, *inter alia*, that the trial court erred in denying him "the [r]ight to introduce evidence into the record directly in connection to the alleged [c]hemical [t]est refusal, [n]ever received notice, denial [of] due process[;]" the "right to be heard, introduce evidence, provide testimony he never received any notice from [PennDOT] to appeal[;]" the right "to enter into evidence testimony since his release from [State Correctional Institution-]Dallas the police station mail comes to his residence (401 W. Gay St) the police station mail address is (401 E. Gay St) provided direct and recent mail as evident [sic] in support[;]" and "due process rights by . . . denying [n]unc [p]ro [t]unc relief by mail[.]" R.R. 216a-18a.

4

the trial court explained that Licensee's testimony was "so lacking in credibility that it could not be the basis of proving anything[.]" Trial Court 1925(a) Op. at 2.

On appeal,[6] Licensee raises several issues.[7] First, Licensee argues that the trial court erred by overlooking the unrebutted evidence that he did not receive PennDOT's suspension notice dated August 3, 2017. Second, Licensee argues that the trial court erred by presuming that PennDOT's suspension notice was mailed and that he received it. Third, Licensee argues that the trial court erred in not permitting him to present evidence on the merits of the chemical test refusal. Fourth, Licensee argues that PennDOT's actions have violated his federal constitutional rights.

In response, PennDOT argues that Licensee failed to preserve any of these issues for appeal because his Rule 1925(b) Statement did not comply with PA. R.A.P. 1925(b). Licensee's Statement is 16 pages long and raises 14 issues, only 3 of which relate to the trial court's denial of his petition to appeal *nunc pro tunc*. Instead, Licensee's Statement complains about the Federal Rules of Civil Procedure, the Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. §§5701-5782, and other subjects that bear no relation to the denial of his petition to appeal *nunc pro tunc*.

Under Rule 1925(b), a Statement of Errors Complained of on Appeal must (1) set forth the errors intended to be asserted on appeal, (2) concisely identify each error with sufficient detail to allow the judge to identify it, and (3) specify the issues without redundancy or unnecessary length. PA. R.A.P. 1925(b)(4)(i), (ii), (iv). The purpose of Rule 1925(b) "is to aid the trial court in drafting an opinion

---

[6] This Court's review determines whether the trial court abused its discretion or committed an error of law, or whether the trial court's findings are supported by substantial evidence. *Rawson v. Department of Transportation, Bureau of Driver Licensing*, 99 A.3d 143, 147 n.2 (Pa. Cmwlth. 2014).

[7] Licensee's issues on appeal have been reordered and restated for clarity.

5

identifying and focusing on those issues that the parties plan to raise on appeal." *Commonwealth v. Johnson*, 771 A.2d 751, 756 (Pa. 2001). PennDOT argues that Licensee's Rule 1925(b) Statement does not meet any of the standards for a concise statement.

We agree that Licensee's Rule 1925(b) Statement is not concise and that many of the issues raised and argued therein are not relevant to his appeal. Nevertheless, the trial court understood that Licensee asserted that he was not permitted to establish a problem with his mail; the trial court addressed this issue. Accordingly, we will address the merits of Licensee's appeal.

The Judicial Code gives a Licensee 30 days from the mailing date of PennDOT's notice of suspension to file an appeal with the trial court. 42 Pa. C.S. §§5571(b), 5572. "Appeals filed beyond the 30-day appeal period are untimely and deprive the common pleas court of subject matter jurisdiction over such appeals." *Department of Transportation, Bureau of Driver Licensing v. Maddesi*, 588 A.2d 580, 582 (Pa. Cmwlth. 1991). Here, it is undisputed that Licensee's appeal, filed on September 11, 2020, was filed three years too late. Nevertheless, an appeal *nunc pro tunc* will be allowed where the appeal was untimely filed due to fraud or a breakdown in the agency's operations or other "extraordinary circumstances." *Commonwealth v. Stock*, 679 A.2d 760, 764 (Pa. 1996). Further, the appellant must demonstrate that the delay could not be attributed to any negligence by the appellant. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996). Further, "allegations that one has failed to receive a mailing are insufficient for allowing a *nunc pro tunc* appeal." *J.A. v. Department of Public Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005). "The so-called 'mailbox rule' creates a rebuttable

6

presumption that the item mailed was received and mere denial of receipt is not sufficient to defeat this presumption." *Id*.

Here, Licensee had the burden of proving that his failure to file a timely appeal resulted from fraud or a breakdown in the agency's operations that was extraordinary and not the result of Licensee's negligence. Licensee did not proffer any evidence of a breakdown on the part of PennDOT; to the contrary, Licensee admitted that the notice was addressed to the correct address. Licensee testified that he receives mail addressed to a police station and, apparently, expected the trial court to infer that the police station received his notice from PennDOT. However, Licensee did not call a witness from the police station to support this supposition, and the trial court did not find Licensee's testimony believable. "Determinations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the trial court as fact-finder." *Reinhart v. Department of Transportation, Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008). "As fact-finder, the trial court may accept or reject the testimony of any witness in whole or in part." *Id*. Simply, there was no evidence to support a finding that Licensee did not receive PennDOT's suspension notice.

Because the record lacks evidence of fraud, administrative breakdown or other extraordinary circumstances, Licensee did not prove a basis for a *nunc pro tunc* appeal.[8] Accordingly, we affirm the trial court.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[8] Because we conclude that Licensee is not entitled to an appeal *nunc pro tunc*, we do not address his remaining issues on appeal.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Geronimo F. Rosado, Jr.,        :
            Appellant    :
                           :
        v.             :  No. 400 C.D. 2021
                           :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing     :

# **O R D E R**

AND NOW, this 29th day of April, 2022, the order of the Court of Common Pleas of Chester County in the above-captioned matter dated November 19, 2020, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita